In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1407

Cynthia Ribando,

Plaintiff-Appellant,

v.

United Airlines, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3176--Elaine E. Bucklo, Judge.

Argued September 21, 1999--Decided December 23, 1999

Before Easterbrook, Kanne and Evans, Circuit Judges.

Kanne, Circuit Judge.  In response to concern
with sexual harassment and discrimination in the
workplace, many companies, including defendant
United Airlines, established procedures for
reporting, investigating and resolving claims of
gender-based misbehavior. One such complaint was
lodged against Cynthia Ribando, who now contends
that those very procedures instituted to combat
harassment constituted gender-based harassment.
We are asked today to decide whether a worker who
is subjected to routine interrogation and mild
counseling has suffered an adverse employment
action sufficient to invoke the protections of
Title VII of the Civil Rights Act. Because the
essential facts are not in dispute and we find
that Ribando's claim fails as a matter of law, we
affirm the judgment for United.

I.  History

    The facts of this case are brief and undisputed
for the purposes of the defendant's motion for
summary judgment. Plaintiff Cynthia Ribando began
working for United Airlines as a clerk in 1984.
Within five years, she had been promoted to the
position known as "storekeeper," a job she
apparently holds to this day. In 1997, a male
employee accused Ribando of making a derogatory
or harassing sexual remark. In accordance with

United's policy, the complaint was investigated, and a panel of management and union representatives was formed to mediate. Ribando and the male employee were summoned before the panel, and the male employee read a statement of his complaint against Ribando. No adverse action was taken against Ribando following the hearing, but a "letter of concern" was placed in her personnel file.

At the same time, Ribando's supervisor, Ken Weslander, asked another employee to document Ribando's work and personal habits and any inappropriate comments she might make in the workplace. For the purposes of this appeal, we will accept as true Ribando's contention that Weslander directed the compilation of this report for the purpose of terminating Ribando's employment. Ribando, however, was not terminated, and nothing came of the report. The record reflects no adverse action against Ribando in her work conditions, pay, position or advancement.

Ribando timely filed charges of discrimination with the Equal Employment Opportunity Commission and instituted this lawsuit in the United States District Court for the Northern District of Illinois on May 22, 1998. Ribando claimed she suffered "adverse terms and conditions of her employment" by being subjected to "needless embarrassment and psychological abuse" when she was forced to appear before the mediation committee. This, she contends, created a hostile work environment on the basis of sex because similarly situated male employees were not also called before mediation committees. On June 4, she filed an amended complaint, adding a retaliation claim accusing United of placing the letter of concern in her personnel file because she filed a complaint with the EEOC.

United moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Ribando had suffered no adverse employment action and, therefore, her complaint was insufficient as a matter of a law. Rather than respond, Ribando sought leave of court to file a Second Amended Complaint, which was granted. Ribando filed her Second Amended Complaint on July 31, 1998, adding the allegations regarding Weslander targeting her for termination. United again moved for 12(b)(6) dismissal on the same ground as its first motion.

II.  Analysis

A.  Rule 12(b)(6)/Rule 56 conversion

Rule 12(b)(6) is a method of disposing cases

that, on their face, fail to state a claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding that complaint should not be dismissed on 12(b)(6) unless failure to state a claim is "beyond doubt"); Maple Lanes, Inc. v. Messer, 186 F.3d 823, 824 (7th Cir. 1999). However, Rule 12(b)(6) provides that under certain circumstances, the motion to dismiss must be converted by the district court into a motion for summary judgment under Rule 56. See, e.g., Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 377 (7th Cir. 1987). The rule requires such a conversion when "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). In this case, District Judge Elaine E. Bucklo expressly relied on matters outside the pleadings in reaching her January 26, 1999, decision to dismiss the case, see Ribando v. United Airlines, Inc., No. 98 C 3176 (N.D. Ill. Sept. 13, 1999) (Circuit Rule 50 order explaining grounds for judgment), which meant the court was required to consider United's motion under Rule 56. See Macklin v. Butler, 553 F.2d 525, 528 (7th Cir. 1977).

In contrast to Rule 12(b)(6) motions, which require the judge to accept as true all well-pleaded facts, see LeBlang Motors Ltd. v. Subaru of America, Inc., 148 F.3d 680, 690 (7th Cir. 1998), Rule 56 expressly grants the trial court discretion to look outside of the complaint to make determinations based on the evidence provided. See Fed. R. Civ. P. 56(c). The motion for summary judgment allows the trial court to resolve cases where the relevant facts are undisputed and there has been a "complete failure of proof concerning an essential element" of the plaintiff's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Ordinarily, a court should not consider a Rule 56 motion for summary judgment without providing both parties ample notice and time to prepare. See Farries, 832 F.2d at 377. From the record, it is unclear whether Ribando was aware that Judge Bucklo would render a Rule 56 judgment based on material outside of the pleadings. However, in Farries we found the failure to give adequate notice of a Rule 12(b)(6) conversion to be reversible error only if there is a "potentially disputed material issue of fact." Id. In this case, neither side disputes any factual allegation, only the legal conclusions that are drawn from them. When the facts are clear and only a question of law must be resolved, the moving party may be entitled to summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)

For the purposes of this motion, United has not

contested Ribando's version of the facts. Pointedly, there is no reason for United to deny the facts. According to Ribando's complaint, United held a hearing to resolve a charge made by a coworker against Ribando and placed a letter of concern in her file, and one supervisor attempted to document Ribando's on-the-job behavior. Ribando contends that these facts constitute a hostile work environment and discrimination, but the facts themselves are not in dispute. Therefore, notice was unnecessary under Farries before Judge Bucklo converted the 12(b)(6) motion into a summary judgment proceeding. See Farries, 832 F.2d at 377.

B.  Adverse Employment Action

No actionable claim for retaliation or discrimination will lie unless the plaintiff has suffered some adverse employment action. See Cheek v. Peabody Coal Co., 97 F.3d 200, 204 (7th Cir. 1996); Smart v. Ball State Univ., 89 F.3d 437, 440 (7th Cir. 1996). The district court found Ribando failed to show that she suffered any adverse job action. We review de novo the district court grant of summary judgment. See Haefling v. United Parcel Serv., 169 F.3d 494, 497 (7th Cir. 1999).

Although we have defined the term broadly, the adverse job action must be "materially" adverse, meaning more than "a mere inconvenience or an alteration of job responsibilities." Crady v. Liberty Nat'l Bank & Trust Co. of Ind., 993 F.2d 132, 136 (7th Cir. 1993). We have explained, "a materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Id.; see Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 2268-69 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

Ribando suffered nothing even remotely as significant as these punishments. According to Ribando, the retaliation consisted entirely of United placing a letter in her personnel file. In Smart, we said "not everything that makes an employee unhappy is an actionable adverse action," and held that negative employee evaluations are not by themselves actionable adverse employment actions. Smart, 89 F.3d at

441. Standing alone, a letter of concern or counseling, such as that which the plaintiff received in this case, does not rise to the level of an adverse employment action. See Sweeney v. West, 149 F.3d 550, 556-57 (7th Cir. 1998). Because the facts of the retaliation claim were undisputed and counseling letters are not actionable as a matter of law, United was entitled to summary judgment on the retaliation claim.

Ribando points to the union-management mediation hearing and Weslander's "malicious" supervision of her as the factual basis for her hostile work environment claim. In McKenzie v. Ill. Dep't of Transp., 92 F.3d 473, 479 (7th Cir. 1996), we held that in the context of hostile work environment claims, "[f]or the harassment to be actionable, it must be sufficiently severe or pervasive so as to alter the conditions of the victim's employment and to create an abusive working atmosphere." See also Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). The standard is whether an objective, reasonable person would find that the harassment constitutes a hostile working environment. See McKenzie, 92 F.3d at 478. We cannot say that all the actions taken by United combined create such an environment. To the contrary, it seems United did what an employer should do when an employee lodges a complaint of sexual harassment against another: it investigated, documented and counseled. This falls so far short of "severe or pervasive" that we sympathize with the district court's consideration of Rule 11 sanctions in this case. Accordingly, United was entitled to summary judgment on the discrimination claim.

III.  Conclusion

Ribando failed to establish a claim for discrimination or retaliation under Title VII, and therefore we AFFIRM the district court's disposition.