**Rhonda ATKINS, Plaintiff–Appellant,**

v.

**JAD HOSIERY, INC., Defendant–Appellee.**

No. 00–3077.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 14, 2001 *.

Decided Sept. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before Hon. POSNER, Hon. RIPPLE, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Rhonda Atkins sued her former employer, JAD Hosiery, Inc., alleging that it terminated her because of her pregnancy in violation of Title VII. JAD moved to dismiss Ms. Atkins's complaint on the ground that it employed fewer than 15 employees and therefore was not an "employer" for Title VII purposes. *See* 42 U.S.C. § 2000e(b). After holding an evidentiary hearing, the district court concluded that JAD was not a covered employer and granted JAD's motion to dismiss. Ms. Atkins appeals, arguing that JAD was part of an affiliated group of corporations that in the aggregate employed at least 15 individuals. We affirm.

Ms. Atkins was hired in December 1995 by JAD, a Texas corporation doing business in Illinois that is licensed to distribute "On the Go" hosiery in the Midwest. In June 1996 Ms. Atkins informed JAD that she was pregnant, and in January 1997 JAD terminated her allegedly because of her pregnancy.

It is undisputed that JAD has never employed at least 15 individuals, and it is on this basis that JAD moved to dismiss Ms. Atkins's complaint. In response, Ms. Atkins argued that JAD was affiliated with other entities licensed to distribute "On the Go" hosiery in other regions of the United States, and together those entities formed an "integrated enterprise" that in the aggregate employed at least 15 employees.

Our decision in *Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir.1999), controls the question whether JAD is a nominal employer. In *Papa*, we rejected the "integrated enterprise" theory and determined that there are three limited situations in which the presence of an affiliated corporation will vitiate the small-employer exemption: where the traditional conditions for piercing the corporate veil exist; where discrete entities are created for the express purpose of avoiding liability under the federal antidiscrimination laws; and where an affiliate directs the discriminatory act, practice, or policy. *See id.* at 940–43. As the district court correctly concluded, none of these situations was present here.

First, the traditional conditions for piercing the corporate veil do not exist. Ms. Atkins presented no evidence that JAD neglected corporate formalities or that its creditors were misled into thinking that they were dealing with either a unitary enterprise or some other entity. *See id.* at 941. In an effort to show that creditors were misled, Ms. Atkins repeats the unsupported assertion she made in the district court that one of JAD's customers did not always know that it was dealing with JAD. But customer confusion is not a traditional basis for piercing the corporate veil. Ms. Atkins also identifies various internal documents and business cards that list the "On the Go" brand, but she does not explain how these items produced creditor confusion.

Second, Ms. Atkins presented no evidence that JAD and its affiliates were created for the express purpose of avoiding liability under the antidiscrimination laws. *See id.* And third, Ms. Atkins of-

fered no evidence that some entity other than JAD directed the allegedly discriminatory termination. *See id.* Accordingly, the district court properly entered judgment in JAD's favor.

■ We lastly note that the district court incorrectly determined that the small-employer exemption under Title VII is jurisdictional and therefore erred in dismissing Ms. Atkins's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See id.* at 943. Whether JAD was a statutory employer should have been resolved under either Rule 12(b)(6) or Rule 56. And here, because the district court relied on matters outside the complaint in ruling on JAD's motion to dismiss, it should have converted that motion into a motion for summary judgment. *See Jacobs v. City of Chicago,* 215 F.3d 758, 766 (7th Cir.2000); *Ribando v. United Airlines, Inc.,* 200 F.3d 507, 510 (7th Cir. 1999). Although such conversions should be preceded by notice, so that the opposing party has an opportunity to demonstrate the existence of a disputed question of material fact, we find the absence of notice here harmless. *Ribando,* 200 F.3d at 510; *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 377 (7th Cir.1987). The material facts were largely undisputed, and Ms. Atkins was given ample opportunity at the hearing to present evidence in support of her assertion that JAD had at least 15 employees. Moreover, Ms. Atkins makes no argument on appeal that the result of the proceedings would have been different had the district court given her the requisite notice. *See Alioto v. Marshall Field's & Co.,* 77 F.3d 934, 936 (7th Cir.1996).

AFFIRMED.