Anthony J. HUDSON, Plaintiff–Appellant,

v.

C.P. RAIL SYSTEM, Defendant–Appellee.

No. 01–1260.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.*

Decided Dec. 14, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

Anthony J. Hudson sued his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

after he was terminated for making inappropriate remarks to his supervisor. The district court granted summary judgment in favor of his employer, and Hudson appeals. We affirm.

Hudson, an African American, worked as a customer service representative at C.P. Rail System ("C.P.Rail") from 1993 to 1995. Hudson claims that during his employ he was subjected to a racially hostile work environment, typified by his coworkers' rude comments and his supervisors' tendency to single him out for punishment when others were guilty of the same, or more serious, infractions. While working at C.P. Rail Hudson filed numerous complaints of discrimination with the company's human resources department, as well as with the Equal Employment Opportunity Commission. C.P. Rail, in turn, disputes that Hudson was subjected to racial harassment and argues that Hudson's history of disciplinary infractions, culminating in the incident with his supervisor, caused his discharge.

The precipitating event occurred in September 1995 when, during an argument, Hudson accused his supervisor Debra Avery of lying. Hudson made other statements that Avery, also an African American, viewed as threatening. On Avery's complaint C.P. Rail conducted a lengthy disciplinary hearing, at which Hudson asserted varying defenses-that he did not make the comments; that he "could not recall" making the comments; and that, even if made, his comments did not warrant discharge. After the hearing C.P. Rail fired Hudson.

Hudson then sued under Title VII, alleging a hostile work environment, discriminatory discharge, and retaliation for his earlier discrimination complaints. He also alleged state law claims for negligent and intentional infliction of emotional distress. After a convoluted chronology of events involving lengthy, contentious discovery, and the recusal of two judges to which the case was assigned, the parties' cross motions for summary judgment finally reached Judge Randa, who entered judgment for C.P. Rail. On appeal Hudson challenges only the district court's conclusions regarding his Title VII claims. Our review is de novo, and we evaluate the evidence in the light most favorable to Hudson. *See Jordan v. Summers,* 205 F.3d 337, 341 (7th Cir.2000).

To establish a hostile work environment claim, Hudson must show that he was subjected to harassment so severe or pervasive that it altered the conditions of his employment. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Because Title VII was not intended to ensure a "congenial" workplace, the harassment must also have been racially discriminatory in character or purpose. *Hardin v. S.C. Johnson & Son, Inc.,* 167 F.3d 340, 345 (7th Cir.1999); *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1308 (7th Cir.1989).

The incidents of which Hudson complains fall largely into several categories, none of which establish a hostile work environment. He describes situations where C.P. Rail was legitimately investigating workplace misconduct involving Hudson and other employees, *see Ribando v. United Airlines, Inc.,* 200 F.3d 507, 510 (7th Cir.1999); offensive but isolated comments made outside of his presence, *see Ngeunjuntr v. Metro., Life Ins. Co.,* 146 F.3d 464, 467 (7th Cir.1998); incidents and comments with no apparent racial character or purpose, *see Hardin,* 167 F.3d at 345; and unsupported, conclusory allegations, *see Johnson v. City of Fort Wayne,* 91 F.3d 922, 938 (7th Cir.1996). The district court properly found that no reasonable jury could conclude that these

incidents amounted to a hostile work environment.

As for Hudson's discriminatory discharge claim, the district court properly concluded that Hudson failed to show he was treated less favorably than similarly-situated white employees. *See Dunn v. Nordstrom, Inc.,* 260 F.3d 778, 784 (7th Cir.2001). Hudson has not identified any white employees at C.P. Rail who made inappropriate comments to their supervisors but were not discharged.

Even assuming that Hudson could establish a prima facie case of discrimination, we agree that a reasonable jury could not find that C.P. Rail's reasons for discharging Hudson were pretextual. *See Mills v. Health Care Serv. Corp.,* 171 F.3d 450, 459 (7th Cir.1999). To demonstrate pretext a plaintiff must show more than that his employer fired him for incorrect or ill-considered reasons; rather he must show that the employer did not honestly believe the reasons it gave for terminating him. *Id.; Eiland v. Trinity Hosp.,* 150 F.3d 747, 753 (7th Cir.1998).

C.P. Rail asserted several reasons for discharging Hudson: that he made inappropriate comments to his supervisor; that he had been previously suspended for breaching company policy; and that he had been involved in several disruptive incidents with other employees during work time. These are legitimate reasons to support his discharge. *See Eiland,* 150 F.3d at 753; *Flores v. Preferred Tech. Gr.,* 182 F.3d 512, 515 (7th Cir.1999). Although Hudson vigorously disputes his culpability for these incidents, he has offered no basis to conclude that C.P. Rail did not terminate him for these reasons. *See Mills,* 171 F.3d at 458; *Eiland,* 150 F.3d at 753. Nor has Hudson shown that C.P. Rail did not honestly believe Avery's unequivocal account of their conversation; his bare assertion on appeal that he does not "recall" making any inappropriate comments to Avery cannot create a genuine issue of material fact, particularly in light of his earlier denials. *See Patterson v. Chicago Ass'n for Ret. Cit.,* 150 F.3d 719, 724 (7th Cir.1998) (holding that contradictory, self-serving denials could not defeat summary judgment).

As for Hudson's retaliation claims, the district court properly concluded that Hudson has not shown the necessary causal link between his complaints of discrimination and his discharge. *See Dunn,* 260 F.3d at 784. Hudson provides no basis for concluding that C.P. Rail would not have fired him for making inappropriate comments to his supervisor "but for" his earlier complaints. *See id.* Moreover because Hudson cannot establish that C.P. Rail's legitimate reasons for discharging him were pretextual, his retaliation claim must fail. *See Eiland,* 150 F.3d at 753.

AFFIRMED.