James A. MITCHOM, Plaintiff–
Appellant,

v.

BI–STATE DEVELOPMENT AGEN-
CY, et al., Defendants–Appellees.

No. 02–1029.

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided Aug. 20, 2002.*

Before BAUER, KANNE, EVANS,
Circuit Judges.

**ORDER**

In November 2000 the John Barnes Funeral Home lodged a complaint with James Mitchom's employer, the Bi–State Development Agency, alleging that Mitchom had interfered with a funeral procession while driving a Bi–State bus in Belleville, Illinois. When Bi–State investigated the complaint, it determined that Mitchom had not violated any rules, and closed the case. Although Bi–State has consistently maintained that its investigation carried no disciplinary consequences, Mitchom believed that the unfounded complaint could be used against him in future disciplinary proceedings, and he filed a grievance with his union, demanding that Bi–State purge

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

his record. His union investigated the incident, but declined to take further action, concluding that Bi–State had neither charged Mitchom with a violation nor disciplined him. After the union refused to prosecute his grievance, Mitchom initiated this lawsuit in June 2001, primarily alleging that Bi–State and his union discriminated against him because of his race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). He also claimed that Bi–State and his union conspired with a third defendant, the funeral home, to "harass, intimidate, defraud, defame, slander, and vilify" him by allowing the false accusation to stand against him. The district court granted summary judgment in favor of all three defendants, finding that Mitchom failed to present any evidence that a conspiracy existed, that the defendants violated his constitutional rights, or that they engaged in any harassing, retaliatory, or discriminatory behavior. More specifically, the district court held, because it was undisputed that Mitchom sustained no adverse employment action, Mitchom failed to make a *prima facie* case under Title VII and the ADEA. Mitchom appeals and we affirm.

Federal Rule of Appellate Procedure 28(a)(9)(A) specifies that an appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Mitchom's appellate brief fails to comply with Rule 28(a)(9) because it recites merely his version of the facts, without any citation to the record or to relevant legal authority that explains why these facts may be material. Moreover, his brief expresses only generalized disagreement with the district court's judgment, and fails to explain why he thinks the district court was wrong to grant summary judgment. Although we construe *pro se* briefs liberally, these deficiencies provide us with sufficient grounds to dismiss his appeal. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Nevertheless, because our review is *de novo, see Traylor v. Brown,* 295 F.3d 783, 787 (7th Cir.2002), we will proceed to consider whether the district court properly entered summary judgment on Mitchom's employment discrimination claims.

The district court concluded that Mitchom failed to establish a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), because he had not shown that he suffered an adverse employment action. *See Gordon v. United Airlines, Inc.,* 246 F.3d 878, 885–86 (7th Cir. 2001). Mitchom disagrees, contending that an adverse employment action can be inferred from the funeral home's complaint in his employee file. Although Mitchom may believe that the defendants have mistreated him throughout these proceedings, "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir.1996). Mitchom experienced no significant change in his employment status, as might be indicated by a termination of employment, a demotion, a failure to promote, a significant job reassignment, or a significant change in benefits. *See Stutler v. Ill. Dep't of Corr.,* 263 F.3d 698, 703 (7th Cir.2001); *Ribando v. United Airlines,* 200 F.3d 507, 510 (7th Cir.1999). And even if the complaint in his file represented some sort of reprimand that could lead to future discipline, we have repeatedly held that such speculative consequences do not transform a negative performance evaluation into an adverse employment action. *See Oest v. Ill. Dep't of Corr.,* 240 F.3d 605, 613 (7th Cir.2001); *Sweeney v.*

*West,* 149 F.3d 550, 556 (7th Cir.1998); *see also Thomsen v. Romeis,* 198 F.3d 1022, 1028 (7th Cir.2000).

Because the district court correctly determined that the defendants were entitled to summary judgment on Mitchom's employment discrimination claims, and Mitchom fails to present any other intelligible arguments in his brief, the judgment of the district court is AFFIRMED.