# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-2360

ALICE M. REPA,

*Plaintiff-Appellee,*

*v.*

ROADWAY EXPRESS, INC.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin
No. 03 C 1071—**Charles N. Clevert, Jr.,** *Judge.*

_____

ARGUED DECEMBER 7, 2006—DECIDED FEBRUARY 26, 2007

_____

Before BAUER, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.*    Alice Repa ("Repa") sued her employer, Roadway Express, Inc. ("Roadway"), alleging Roadway violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Specifically, Repa alleged that Roadway improperly required her to use sick and vacation leave while she was using FMLA leave and receiving disability benefits. The district court granted Repa's summary judgment motion. Roadway appeals, and we affirm.

I.

Roadway is a commercial trucking company that is a member of a multi-employer bargaining unit, which is party to a collective bargaining agreement with the International Brotherhood of Teamsters. That agreement, known as the National Master Freight Agreement and Central Region Local Cartage and Over-the-Road, Motor Freight Supplemental Agreement ("NMFA"), requires employers, including Roadway, to make financial contributions to the Wisconsin Health Fund ("WHF"). The WHF is a Taft-Hartley trust fund established to provide, in part, "Health and Welfare Benefits," which include Loss of Time Disability Benefit, a short-term disability benefit program for employees covered by the NMFA. This benefit is available to an employee who is "disabled and cannot work" due to an injury incurred outside of work. A Board of Trustees, comprised of four employer and four employee representatives who are parties to the NMFA either individually or through their union, administers the WHF. NMFA also provides benefits for sick leave.

Repa, an employee of Roadway, suffered a non-work-related injury that required surgery and a six-week absence from work. Repa applied for and was granted Loss of Time Benefit through the WHF, receiving $300 per week for six weeks. On May 23, 2003, the same day that she applied for disability benefits, Repa notified Roadway of her need for leave under the FMLA, requesting leave from May 19, 2003 through June 30, 2003. Roadway granted Repa's request and notified her that she was required to "substitute any accrued paid leave for any unpaid FMLA leave." Upon Repa's return from leave, Roadway paid her for five sick days and two weeks of vacation. Repa received this pay in addition to the $300 per week she received through the WHF.

Repa filed suit alleging that Roadway had violated the FMLA by requiring her to use her sick and vacation leave days when she was receiving disability benefits during her FMLA leave. The parties filed cross motions for summary judgment. Citing 29 C.F.R. § 825.207(d)(1), Repa argued that because she was receiving temporary disability benefits through the WHF, the FMLA "provision for substitution of paid leave is inapplicable," and therefore Roadway should restore her vacation and sick time. In its motion for summary judgment, Roadway asserted that the FMLA and its regulations permit an employer to substitute paid leave for FMLA leave. Roadway argued that 29 C.F.R. § 825.207(d)(1) was not applicable to Repa's claim because it precluded paid leave substitution only when an employee was receiving disability benefits for the birth of a child. Roadway also contended that because the disability benefits Repa received were not from an employer disability plan, the substitution was appropriate. The district court granted Repa's motion and denied Roadway's motion, concluding that because Repa received disability benefits from the WHF, Roadway could not require Repa to substitute her paid leave for her FMLA leave. *See Repa v. Roadway*, No. 03-C-1071, 2005 WL 2275939, at *9 (E.D. Wisc. Sept. 19, 2005). Roadway appeals, asserting the arguments it raised below and that 29 C.F.R. § 825.207(d) is invalid because it conflicts with the FMLA.

## II.

We review the district court's grant of summary judgment de novo. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (citation omitted). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The FMLA guarantees qualifying employees twelve weeks of unpaid medical leave each year. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84 (2002). The purpose of the FMLA is, in part, "to entitle employees to take reasonable leave for medical reasons . . . in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(2), (3). An employer is not required to pay an employee while the employee is on FMLA leave, 29 U.S.C. § 2612(c), though an "employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided," under the FMLA, 29 U.S.C. § 2612(d)(2). This substitution, though, is limited by Department of Labor regulations. Specifically 29 C.F.R. § 825.207(d)(1) provides:

> Disability leave for the birth of a child would be considered FMLA leave for a serious health condition and counted in the 12 weeks of leave permitted under FMLA. Because the leave pursuant to a temporary disability benefit plan is not unpaid, the provision for substitution of paid leave is inapplicable. However, the employer may designate the leave as FMLA leave and count the leave as running concurrently for purposes of both the benefit plan and the FMLA leave entitlement. If the requirements to qualify for payments pursuant to the employer's temporary disability plan are more stringent than those of FMLA, the employee must meet the more stringent requirements of the plan, or may choose not to meet the requirements of the plan and instead receive no payments

from the plan and use unpaid FMLA leave or substitute available accrued paid leave.

29 C.F.R. § 825.207(d)(1). The regulation also provides: "As the workers' compensation absence is not unpaid leave, the provision for substitution of the employee's accrued paid leave is not applicable." 29 C.F.R. § 825.207(d)(2).

In this case, the parties do not dispute that Repa was receiving disability benefits while on FMLA leave. The parties dispute, however, whether Roadway "may require [Repa], to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided," 29 U.S.C. § 2612(c), while she was receiving disability benefits from the WHF while on FMLA leave. As noted, Repa relies on 29 C.F.R. § 825.207(d)(1), which provides: "Because the leave pursuant to a temporary disability benefit plan is not unpaid, the provision for substitution of paid leave is inapplicable."

Roadway argues that § 825.207(d)(1) does not apply to Repa's case, contending it applies only to disability leave for the birth of a child. Roadway's argument rests on the language of the first sentence of the regulation. However, the remainder of the regulation belies Roadway's position. As noted above, the regulation provides that "[b]ecause the leave pursuant to a temporary disability benefit plan is not unpaid, the provision for substitution is inapplicable." *Id.* While the first sentence of this regulation focuses on "disability leave for the birth of a child," none of the other three sentences discusses "disability leave for the birth of a child." Additionally, the remaining three sentences of the regulation do not reference the first sentence, but each addresses temporary disability benefit plans. Accordingly, we reject Roadway's argument that the regulation applies only to disability leave for the birth of a child.

Roadway also argues that the regulation does not apply to Repa because § 825.207(d)(1) applies only to leave benefits paid by an employer's temporary disability benefit plan and not a third-party plan. Roadway contends that the disability benefits Repa received from the WHF were third-party plan benefits, and consequently, § 825.207(d)(1) is inapplicable. However, as the district court in this case correctly noted, "[n]othing in the second sentence of the regulation limits this outright prohibition [of substitution of paid leave] where the temporary disability benefit plan is the employer's plan." *Repa*, No. 03-C-1071, 2005 WL 2275939, at *6. Therefore, the fact that the WHF Board of Trustees manages the plan is irrelevant.

Alternatively, Roadway asserts that § 825.207(d) contravenes Congress's intent and is therefore invalid. *See Chevron v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Roadway argues the FMLA's purpose is to provide twelve weeks of leave and, because it does not restrict an employer's right to substitute paid leave, the regulation "effects an impermissible alteration of the statutory framework and cannot be within the Secretary's power to issue regulations 'necessary to carry out' the Act." *Ragsdale*, 535 U.S. at 96. Roadway further argues that the effect of the regulation permits employees to extend their leave beyond the twelve weeks provided by the FMLA, which upsets the balance struck by Congress in trying to meet the needs of families and employers when it devised the twelve week figure. *See id.* at 93-94. Repa responds that Roadway has waived its right to challenge the validity of the regulation because it did not present this argument in the district court.

Before addressing the regulation's validity, we must first determine whether Roadway has waived its right

to assert this argument on appeal. "Waiver is the intentional relinquishment and abandonment of a known right, which precludes appellate review." *United States v. Parker*, 469 F.3d 1074, 1079 (7th Cir. 2006) (citations omitted). At oral argument, Roadway's counsel admitted that the regulations were considered and argued, although it did not challenge their validity under the statute. Because Roadway addressed the regulation's application, but did not argue it was invalid before the district court, we conclude that Roadway waived its right to challenge its validity on appeal. *Id.; Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1275 (7th Cir. 1996) (citation omitted). *See generally In re Midway Airlines, Inc.*, 383 F.3d 663, 671 (7th Cir. 2004). Accordingly, we deem Roadway's argument that 29 C.F.R. § 825.207(d)(1) is "contrary to the clear congressional intent [set forth in the FMLA]" waived. *Chevron*, 467 at 843 n.9 (1984). Declining to address this issue, we, therefore, express no opinion regarding this regulation's validity and leave that question for another case.

## III.

Roadway waived its right to challenge the validity of 29 C.F.R. § 825.207(d)(1) and under the terms of § 825.207(d)(1) the FMLA provision for substitution of paid leave does not apply. Accordingly, we AFFIRM the district court's grant of summary judgment to Repa.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*