# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 06-3637

SUSAN D. HENDRICKS,

*Plaintiff-Appellant*,

*v.*

COMPASS GROUP, USA, INC.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Lafayette Division.
No. 03 CV 0079—**Allen Sharp**, *Judge.*

---

ARGUED APRIL 13, 2007—DECIDED AUGUST 6, 2007

---

Before FLAUM, MANION, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Susan Hendricks filed a complaint against her former employer, Compass Group, USA, Inc. ("Compass Group"), seeking wages to which she claimed entitlement under the Family Medical Leave Act and a collective bargaining agreement. The district court granted Compass Group summary judgment. Hendricks appeals, and we affirm.

I.

Compass Group employed Hendricks as a utility driver for Canteen Vending, paying her $12.23 per hour. As a utility driver, Hendricks performed maintenance duties and traveled to businesses where Compass Group's vending machines were located to fill, repair, and clean those machines. On June 2, 2003, she suffered a rotator cuff injury while at work. After her injury, Hendricks applied for workers' compensation benefits. She did not, however, apply for leave pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), until September 3, 2003. Instead of taking FMLA immediately after her injury, she elected to take light duty under her workers' compensation program.[1]

Hendricks returned to work one week after her injury, but was unable to resume her duties as a driver so she went on light duty. While on light duty, Hendricks did office work for twenty-five hours per week earning $9.00 per hour. A few weeks later, on July 28, 2003, Hendricks had surgery on her shoulder, and three days later, she requested to return to work on light duty. Her doctors restricted her from lifting over ten pounds, lifting above her shoulder, and repetitive lifting. Hendricks worked in this light duty capacity until the cessation of her employment with Compass Group in March 2004.

Hendricks filed suit seeking recovery of the $3.23 per hour pay differential between her wages as a utility driver and her wages while on light duty. She asserted that while on light duty she was entitled to receive the pay rate

---

[1] It is unclear from the record whether Hendricks ever took FMLA leave.

she had received as a utility driver under both the FMLA and the collective bargaining agreement ("CBA"). The district court granted Compass Group's motion for summary judgment, concluding that FMLA leave is unpaid leave and that the CBA did not entitle Hendricks to payment of the wage rate differential. Hendricks appeals.

## II.

We review a district court's grant of summary judgment de novo. *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 631 (7th Cir. 2004) (citation omitted). All reasonable inferences from the evidence are drawn in the light most favorable to the non-moving party. *Id.*

"The FMLA guarantees qualifying employees twelve weeks of unpaid medical leave each year." *Repa v. Roadway Express, Inc.*, 477 F.3d 938, 940 (7th Cir. 2007) (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84 (2002)); *see* 29 U.S.C. § 2612(a)(1). An employee may receive compensation while on FMLA leave either through the use of sick or vacation leave or through a workers' compensation program. *Repa*, 477 F.3d at 941 (citing 29 U.S.C. § 2612(d)(2)). An employer may require an employee to use sick or vacation leave concurrently with his FMLA leave, but may not do so if the employee is receiving pay through workers' compensation. *Id.* (citing 29 C.F.R. § 825.207(d)(2)). Also, a "workers' compensation absence and FMLA leave may run concurrently . . . ." 29 C.F.R. § 825.702(d)(2). Under some workers' compensation programs, however, a health care provider may certify that an employee is able to return to "light duty" work, and an employee is free to accept that light duty work or continue on unpaid FMLA leave. If the employee

elects to continue on unpaid FMLA leave, he may no longer be entitled to collect payment under his workers' compensation program. *Id.* An employee, though, may not waive his rights under the FMLA, whether on his own or through his employer's inducement. 29 C.F.R. § 825.220(d).

> For example, employees (or their collective bargaining representatives) cannot "trade off" the right to take FMLA leave against some other benefit offered by the employer. This does not prevent an employee's voluntary and uncoerced acceptance (not as a condition of employment) of a "light duty" assignment while recovering from a serious health condition (see § 825.702(d)). In such a circumstance the employee's right to restoration to the same or an equivalent position is available until 12 weeks have passed within the 12-month period, including all FMLA leave taken and the period of "light duty."

*Id.*

After an employee has completed his FMLA leave, the FMLA also requires an employer restore an employee to the position held at the time FMLA leave began or "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). However, "[i]f the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b). Finally, if there is an employment benefit program that provides an employee leave rights greater than that afforded by the FMLA, the employer "must observe" such a program. 29 C.F.R. § 825.700.

Hendricks argues that while she was working on "FMLA light duty" for $9.00 an hour she was entitled to the $12.23 an hour that she was paid as a utility driver. Citing C.F.R. § 825.220(d), Hendricks asserts that she "did not take traditional 'leave' under the FMLA, but instead substituted light duty work in lieu of leave." Hendricks acknowledges that there are no statutes or regulations that directly support her conclusion, but contends that her position is "in line with 29 U.S.C. §§ 2612(a)(1), 2614(a)(1), guaranteeing placement in an equivalent position upon her return from FMLA leave."

Hendricks's reading of the statutes and regulations is incorrect. There is no such thing as "FMLA light duty" whether pursuant to the statutes or their corresponding regulations. To the extent that "light duty" is mentioned in the regulations, it is as a component of a workers' compensation program. *See* 29 C.F.R. §§ 825.220(d) and 825.702(d) (providing that an employee may take "light duty" under workers' compensation *or* may continue with unpaid FMLA leave). These regulations do not address the rate of pay an employee is to receive while on "light duty" because that matter is covered by workers' compensation and not by the FMLA. While an employee may receive payment through workers' compensation benefits while on FMLA leave and an employer may not require an employee to use paid leave time while receiving workers' compensation, *see* 29 C.F.R. § 825.207(d), the FMLA does not require an employer to pay a certain pay rate while the employee is on leave; the FMLA only requires that an employer permit an employee to take up to twelve weeks of unpaid leave for illness and return to his prior post or an equivalent position.

While the FMLA requires that an employee be able to return to the same or equivalent position and pay rate that

he held prior to going on FMLA leave, such a require-
ment only applies if the employee is able physically to
perform the functions and duties of that position. 29 C.F.R.
§ 825.214(b). Even if Hendricks took FMLA leave (and it is
not clear whether or not she did), Hendricks was unable
physically to perform the duties of a utility driver, and
thus she was not entitled to return to the same or equiva-
lent position. Accordingly, the district court did not err
in granting summary judgment in favor of Compass
Group on Hendricks's FMLA claim.

Hendricks also contends that she is entitled to recover
wages under the CBA. Specifically, Hendricks relies on the
CBA provision: "Employees who work on a temporary
basis in a lower paid classification shall retain their regular
rate." Compass Group responds that Hendricks did not
work in a light duty position temporarily, but rather
consistently from the time of her accident in June 2003
until the end of her employment with Compass Group.
Compass Group also states that the CBA uses the
term "classification," not light duty, and therefore is not
applicable to Hendricks's situation. Specifically, Compass
Group states that there are six classifications in the CBA
and because light duty is not one of them, Hendricks is not
entitled to the same pay rate she received as a utility
driver.

Like her FMLA claim, Hendricks's claim under the CBA
also fails because she has not established that light duty is
a classification under the CBA or that she was employed
in light duty on a temporary basis. The classifications
listed in the CBA are: maintenance, utility, warehouse,
vending attendant, V.A. #1, and V.A. #2. Light duty is not
listed as a classification. Hendricks fails to present evi-
dence of her work classification prior to her injury and her

work classification while she was on light duty. Further, she does not argue that she fell within any of the CBA classifications while she was on light duty. Also, Hendricks performed light duty for the remainder of her employment with Compass Group after her injury, a period of nearly ten months. She never again worked as a utility driver, and she did not present evidence that she planned or was able to return to a such a position. Therefore, Hendricks has failed to establish that she was entitled under the CBA to her utility driver pay rate while she was working on light duty.

## III.

The FMLA does not provide for paid leave nor does it dictate the wage rate for an employee to receive while on light duty under a workers' compensation plan. Light duty also is not covered by Compass Group's CBA. Accordingly, we AFFIRM the district court's grant of summary judgment to Compass Group.

A true Copy:

     Teste:

 

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*