# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4605

TRACI CANNON-STOKES,

*Plaintiff-Appellant,*

*v.*

JOHN E. POTTER, Postmaster General
of the United States Postal Service,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 1942—**Joan Humphrey Lefkow**, *Judge.*

SUBMITTED JUNE 19, 2006—DECIDED JULY 5, 2006

Before COFFEY, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Traci Cannon-Stokes contends that the Postal Service, which hired her as a letter carrier, violated the Rehabilitation Act, 29 U.S.C. §791, by not accommodating her mental aversion to making residential deliveries and by retaliating against her for asserting her statutory rights. At the same time as Cannon-Stokes was pursuing an administrative claim for $300,000 from the Postal Service, she filed a Chapter 7 bankruptcy petition asserting that she had no assets; her petition expressly denied that she had any valuable legal claims ("contingent and unliquidated claims of every nature", the schedule calls them, leaving no room for quibbles). The bankruptcy court

believed that assertion and discharged all of her approximately $98,000 in unsecured debts.

After the bankruptcy was over, Cannon-Stokes filed this suit. Naturally enough, the Postal Service contended that judicial estoppel forecloses the action. Cannon-Stokes had represented that she had no claim against the Postal Service (or anyone else); that representation had prevailed; she had obtained a valuable benefit in the discharge of her debts. Now she wants to assert the opposite in order to win a second time. That satisfies the requirements of judicial estoppel. See, e.g., *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1547-48 (7th Cir. 1990). Cannon-Stokes blamed the false statement on her bankruptcy lawyer; accepting this explanation, the district court declined to dismiss the proceeding but later granted summary judgment to the Postal Service on the merits—which on appeal defends its judgment by relying, once again, on judicial estoppel.

All six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends. See *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *United States ex rel. Gebert v. Transport Administrative Services*, 260 F.3d 909, 917-19 (8th Cir. 2001); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001); *Barger v. Cartersville*, 348 F.3d 1289, 1293-97 (11th Cir. 2003). We reserved that question in *Biesek v. Soo Line R.R.*, 440 F.3d 410 (7th Cir. 2006), while holding that judicial estoppel has a proviso: bankruptcy fraud designed to hide an asset from

creditors does not prevent the creditors themselves from realizing on the claim after its discovery.

Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied. But if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore. That is what has happened here: the trustee abandoned any interest in this litigation, so the creditors are out of the picture and we must decide whether Cannon-Stokes may pursue the claim for her personal benefit.

The answer is no, as the other circuits (cited above) have concluded. "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993). A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)—and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers. Judicial estoppel is designed to "prevent the perversion of the judicial process," *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990), a fair description of the result if we were to let Cannon-Stokes conceal, for her personal benefit, an asset that by her reckoning is three times the value of the debts she had discharged. It is impossible to believe that such a sizeable claim—one central to her daily activities at work—could have been overlooked when Cannon-Stokes was filling in the bankruptcy schedules. And if Cannon-Stokes were really making an honest attempt to

pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself.

In the district court Cannon-Stokes filed an affidavit asserting that her false statement on the bankruptcy schedules was the result of good-faith reliance on legal advice. She maintained that in 2000 she told Erik Martin, her bankruptcy lawyer, about her administrative claim under the Rehabilitation Act and that he instructed her to omit the information. Martin certainly was not above shady dealings. In 2001 he was indicted on multiple counts of perjury committed in the course of his bankruptcy practice, and in 2003 he resolved that proceeding by pleading guilty to contempt of court. Martin is not currently authorized to practice law in either state or federal court, and a bankruptcy court recently found him complicit in tax fraud. See *Claxton v. United States*, 335 B.R. 680 (Bankr. N.D. Ill. 2006).

Yet bad legal advice does not relieve the client of the consequences of her own acts. A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow. Cannon-Stokes might as well say that she is free to ignore any contract that a lawyer advised her to sign with her fingers crossed behind her back. The lawyer's role as agent is why the Supreme Court held in *United States v. Boyle*, 469 U.S. 241 (1985), that a taxpayer could not avoid paying interest and penalties occasioned by his lawyer's mishandling of the return. Just so here: a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due (a step that, to repeat, Cannon-Stokes has not taken). The remedy for bad legal advice lies in malpractice litigation against the offending lawyer.

What is more, Cannon-Stokes has repudiated the core of her affidavit. Asked at her deposition about her dealings with Martin, she replied that she could not remember meeting or talking with him. Maybe with other lawyers in his office, Cannon-Stokes said, but not Martin. Yet her affidavit maintained that Martin personally had told her not to list the Rehabilitation Act claim on her bankruptcy schedules.

Whether the bankruptcy fraud was Martin's suggestion, some other lawyer's, or Cannon-Stokes's own bright idea does not matter in the end. The signature on the bankruptcy schedule is hers. The representation she made is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit.

AFFIRMED

A true Copy:

　　　　Teste:

　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　*Clerk of the United States Court of*
　　　　　　　　*Appeals for the Seventh Circuit*