NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007
Decided April 25, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2956

| | |
|---|---|
| CONNIE A. BECKER, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Central |
| | District of Illinois |
| v. | |
| | No. 1:04-CV-01417-MMM-JAG |
| VERIZON NORTH, INC. | |
| *Defendant-Appellee.* | Michael M. Mihm, |
| | *Judge.* |

**O R D E R**

In this pro se lawsuit, Connie Becker contends that her former employer, Verizon North, Inc. (Verizon), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1991, 42 U.S.C. § 12101, by discriminating against her because of her race, age, and various disabilities. Becker further alleges that her discharge from Verizon was retaliatory. The district court granted summary judgment for Verizon, and we affirm.

Becker, a diabetic, began working for Verizon in 1986 as a repair clerk, and in 1999 she was promoted to lead dispatcher. In 2001, Becker started receiving numerous complaints about her ability to complete assignments on time. Despite

several counseling sessions with her supervisors, Becker's performance did not improve and the complaints continued. She was ultimately fired in June 2002. In October 2002 Becker filed a charge of discrimination against Verizon with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on age, race, and disability, as well as retaliatory discharge. Becker filed this suit in December 2004.

In March 2005, while this case was pending, Becker also filed for Chapter 13 Bankruptcy. *See* 11 U.S.C. § 1301. As part of her bankruptcy petition, Becker (who was then represented by counsel) was required to submit a sworn statement reflecting all pending suits to which she was a party. *See* 11 U.S.C. § 541. But in her sworn statement of financial affairs, Becker disclosed only that she was a defendant involved in a foreclosure action; she did not mention her lawsuit against Verizon. The bankruptcy court reviewed Becker's sworn financial statements and Chapter 13 payment plan, and confirmed the plan in June 2005.

In February 2006 Verizon moved for summary judgment on the ground that Becker failed to disclose her claims against the company in her Chapter 13 proceeding, and was thus judicially estopped from pursuing them. Becker's response did not address Verizon's judicial estoppel argument, but instead attempted to pursue her discrimination and retaliation claims. The district court first determined that Becker did not have standing to litigate the claims against Verizon because any potential claims belonged to the trustee in bankruptcy. Additionally, the court found that even if the trustee had abandoned Becker's claims, *see* 11 U.S.C. § 554, judicial estoppel foreclosed the action. The district court then granted Verizon's motion for summary judgment.

On appeal Becker again reargues the merits of her claims against Verizon, and asks this court to reverse the district court's decision. We review the grant of summary judgment de novo. *See Repa v. Roadway Express, Inc.*, 477 F.3d 938, 940 (7th Cir. 2007).

We agree with the district court's ruling. Becker's claims against Verizon were part of her bankruptcy estate, *see* 11 U.S.C. § 541(a)(1), so the claims belong to the trustee. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . ."). Nothing in the record suggests that the trustee abandoned them. *See, e.g., In re Thomas*, 204 F.2d 788, 792 (7th Cir. 1953) (noting that individual may not sue to enforce claims that trustee has not demonstrably abandoned). Moreover, even if standing were not a problem, we agree that judicial estoppel bars Becker's claims. A debtor who fails to disclose "an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes*, 453 F.3d at 448; *accord Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412-14 (7th Cir.

2006).  Although *Cannon-Stokes* and *Biesek* address bankruptcy under Chapter 7, rather than Chapter 13, both chapters require full disclosure of assets, *see Biesek*, 440 F.3d at 413, so there is no distinction between the two in this case.  *See DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003).  Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her subjective intent does not matter.  *See Cannon-Stokes*, 453 F.3d at 449.  Accordingly, in addition to her standing defect, Becker's failure to disclose her claims during the bankruptcy proceeding judicially estops her from pursuing them now.

                                                                                              AFFIRMED.