NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009[*]
Decided March 23, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1980

| | |
|---|---|
| ROBERTA M. MATTHEWS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 2748 |
| JOHN E. POTTER, | |
| Postmaster General, | William J. Hibbler, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Roberta Matthews claims that her former employer, the United States Postal Service, engaged in persistent acts of discrimination and retaliation that ended with her termination. She seeks both damages and injunctive relief, including reinstatement. The district court concluded, however, that judicial estoppel precluded Matthews's suit because she failed to disclose the underlying administrative complaints on questionnaires she submitted with

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

two bankruptcy petitions that were filed while those complaints were pending. The court thus granted summary judgment for the Postal Service.

Matthews worked for the Postal Service from 1989 until she was fired in March 2004. She filed her first administrative complaint with the Postal Service in December 2000. In March 2002, while that complaint of discrimination remained under investigation, Matthews filed a Chapter 13 petition in the bankruptcy court. On Schedule B of her petition she was obligated to list "[o]ther contingent and unliquidated claims of every nature." In response she listed a pending claim for workers' compensation but omitted mention of the discrimination claim. Matthews, who was represented by counsel, also omitted the discrimination claim from her Statement of Financial Affairs, which requires disclosure of "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding" the bankruptcy filing. Matthews later defaulted on her Chapter 13 repayment plan, and the case was dismissed in April 2003.

Matthews also filed administrative complaints alleging discrimination and retaliation in May 2002, May 2003, and January 2004. Those three complaints, along with the one filed in December 2000, collectively form the basis of this suit. All four were still pending in July 2004 when Matthews again filed a petition for bankruptcy, this time under Chapter 7. As before, the Schedule B and the Statement of Financial Affairs prepared by counsel omitted mention of the administrative complaints. Matthews received a full discharge of her debts in November 2004, and the bankruptcy case was closed.

The Postal Service notified Matthews in the summer of 2005 that an administrative judge had rejected her charges of race and gender discrimination and retaliation. Meanwhile, in May 2005, Matthews filed this suit in district court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the court recruited counsel to represent her. The Postal Service, in its amended answer filed in November 2006, pointed out that Matthews failed to disclose her administrative complaints in the bankruptcy schedules and asserted judicial estoppel as a defense. Matthews, in turn, successfully moved the bankruptcy court to reopen her Chapter 7 case so that she could amend the schedules to list her discrimination claims. After receiving those amended schedules, the Chapter 7 trustee once again concluded that Matthews's bankruptcy was a no-asset case, and on May 1, 2007, the bankruptcy court closed the case.

Back in the district court, in October 2007, the Postal Service filed what it titled as a motion for judgment on the pleadings. Attached were the schedules from the two bankruptcy cases. As it had done nine months before in its amended answer, the Postal Service asserted that Matthews was estopped from pursuing her Title VII action. In the

alternative, the Postal Service argued that she lacked standing to sue—that only the bankruptcy trustee had standing to pursue her claims.

By this time, Matthews's appointed lawyer was out of the case, and Matthews was proceeding pro se. In responding to the Postal Service's motion, she argued that when she petitioned for bankruptcy she believed she was only required to disclose claims filed within the previous year and thus the omissions were a mistake. In support of this contention, she attached her affidavit averring that her attorney in the Chapter 13 case told her only that she must list potential claims that arose within the year before filing. Matthews further explained that at the meeting of creditors for both her Chapter 13 and Chapter 7 bankruptcies the trustee asked her only about claims arising within the past year. Nonetheless, she continued, at the Chapter 7 meeting of creditors she volunteered to the trustee that she did have pending administrative complaints which were more than a year old at the time of the September 2004 meeting. It is unclear whether at that hearing Matthews specifically mentioned her January 2004 administrative complaint, but in her affidavit she explained that "the issues were similar to prior EEO claims filed in 2003, so the claims were amended into the EEO complaints filed in 2003." Finally, Matthews asserted that her amendment of the schedules demonstrated that she did not intentionally conceal the claims and, thus, judicial estoppel was inappropriate. In a written reply the Postal Service asserted that Matthews's excuses for why she "lied" to the bankruptcy court were no more persuasive than those of a "thief" who wants to return the loot after getting caught; the Postal Service did not address, or even acknowledge, Matthews's sworn statement that the Chapter 7 trustee was aware of her administrative complaints before the case was closed.

The district court, without notice to Matthews, converted the motion for judgment on the pleadings to one for summary judgment because both parties had attached exhibits to their submissions. The court, addressing only the issue of judicial estoppel, ruled in favor of the Postal Service. Beginning its analysis with our holding in *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), the court observed that a debtor who conceals claims in a bankruptcy proceeding is estopped from later recovering on those claims. The court then looked to the opinions of several other circuits to conclude that a debtor cannot avoid judicial estoppel in later litigation by reopening the bankruptcy case and disclosing a previously concealed claim after being challenged by an adversary. Therefore, the court reasoned, judicial estoppel was appropriate given that Matthews waited to reopen her Chapter 7 case until after the Postal Service raised its estoppel defense. The court added that Matthews's misunderstanding of the disclosure requirements was irrelevant because she was represented by counsel in both bankruptcy cases. The court said nothing, however, concerning Matthews's affidavit attesting that, in fact, she disclosed the administrative complaints to the trustee in her Chapter 7 case.

Matthews appeals the district court's grant of summary judgment. In response the Postal Service has moved to dismiss, again contending that Matthews lacks standing to pursue any pre-petition claims omitted from her bankruptcy schedules. *See Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). Those claims, however, were abandoned by the Chapter 7 trustee even before the Postal Service filed its motion for judgment on the pleadings, thus giving Matthews standing to sue.

Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes*, 453 F.3d at 448. The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue. *Cannon-Stokes*, 453 F.3d at 448; *Biesek*, 440 F.3d at 413. Moreover, if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. 11 U.S.C. § 554(d); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

In this case, however, Matthews's discrimination claims reverted to her when the Chapter 7 case was reopened and then closed again after amended schedules including those claims were filed. *See* 11 U.S.C. § 554(c); *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002); *In re Behrens*, 900 F.2d 97, 98 (7th Cir. 1990). The Postal Service, which contends only that the trustee's handling of the reopened proceeding was ineffective to abandon the discrimination claims under § 554(a), is mistaken in asserting that the Chapter 7 trustee "has not formally abandoned its interest in Matthews's claims"; the two subsections define alternatives that do not overlap. *See LPP Mortgage, Ltd. v. Brinley*, 547 F.3d 643, 648 & n.3 (6th Cir. 2008) (noting difference between abandonment under § 554(a) and § 554(c)); *Morlan*, 298 F.3d at 618. And once the claims were abandoned, title reverted to Matthews as if she owned them continuously and the bankruptcy never happened. *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008); *Morlan*, 298 F.3d at 617; *In re Kasper*, 309 B.R. 82, 94 (Bankr. D.C. 2004) (noting that title reverts to debtor as of the petition date with all pre-petition rights); 5 COLLIER ON BANKRUPTCY ¶ 5-554.02 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008). Matthews thus had standing all along.

That leaves us to decide whether Matthews is judicially estopped from litigating the subject matter of her administrative complaints. *See Cannon-Stokes*, 453 F.3d at 448. Judicial estoppel is an equitable doctrine designed "to protect the integrity of the judicial process" by preventing litigants from "deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (quotation marks and citations omitted). The doctrine is generally invoked to prevent a party from asserting positions in successive judicial proceedings that are so "clearly inconsistent" that accepting the latter position would create the perception that at least one of the courts was misled. *Id.*

at 750-51; *Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007). Accordingly, courts consistently hold that a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit. *See, e.g.*, *Cannon-Stokes*, 453 F.3d at 448; *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 2003).

But here it is undisputed that Matthews did not conceal her administrative complaints during the bankruptcy proceedings. *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 898 & n.1 (6th Cir. 2004) (holding that judicial estoppel was inapplicable where debtor omitted potential claim against defendant from Chapter 7 schedules but orally disclosed it to the trustee during the meeting of creditors); *see also InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003) (rejecting application of judicial estoppel where a corporate plaintiff, after discovery, amended its complaint to revise factual allegations that, according to the defendant, undermined plaintiff's claims). Matthews, in whose favor we must draw all reasonable inferences, *see Germano v. Int'l Profit Ass'n*, 544 F.3d 798, 800 (7th Cir. 2008), states in her affidavit that she informed the trustee about her pending administrative complaints at the meeting of creditors for her Chapter 7 bankruptcy. In the district court, the Postal Service never acknowledged this assertion and instead argued only that Matthews could not avoid judicial estoppel by reopening the bankruptcy case. But this position, which ignores *Eubanks*, assumes that Matthews's bankruptcy disclosures are measured solely by the information provided in her initial schedules filed with the Chapter 7 petition. The Bankruptcy Code contemplates the possibility that a debtor may later discover and inform the trustee of additional assets not already listed on the schedules, given the trustee's obligations to investigate the debtor's financial affairs, *see* 11 U.S.C. § 704(a)(4), and to examine the debtor at the meeting of creditors, *see id.* § 341; *see also* FED. R. BANKR. P. 1009 (providing that debtor may freely amend a "voluntary petition, list, schedule, or statement . . . as a matter of course at any time before the case is closed"); *In re Ladd*, 450 F.3d 751, 755 (8th Cir. 2006) (noting that "the general rule allows liberal amendment"); *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998) (same). The trustee commonly questions the debtor to search for assets, explore potential claims, and to determine whether the case should be closed as a no-asset case or whether further investigation is needed. *See* 11 U.S.C. § 341; 2 COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 26.03[2] (Alan N. Resnick & Henry J. Sommer eds., 2006). That is precisely what happened here, at least as far as the record shows, and the inference we draw is that following Matthews's oral disclosure the trustee determined that her discrimination claims were not sufficiently valuable to warrant pursuing them on behalf of the creditors.

The Postal Service counters that the district court was not required to address Matthews's assertion that she did disclose the administrative complaints because her "self-

serving claim" has "no support" in the record. We have repeatedly emphasized that a party may rebut a motion for summary judgment with her own affidavit based on personal knowledge, *see Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Dalton v. Battaglia*, 402 F.3d 729, 735 (7th Cir. 2005); *Payne v. Pauley*, 337 F.3d 767, 772-73 (7th Cir. 2003), and we have cautioned that the self-serving nature of a party's own affidavit "does not permit a district judge to denigrate a plaintiff's evidence when deciding whether a material dispute requires trial," *Wilson v. McRae's Inc.*, 413 F.3d 692, 694 (7th Cir. 2005 ). And though courts have applied judicial estoppel where the debtor informed the trustee but misrepresented or denied the monetary value of the claims, *see Eastman*, 493 F.3d at 1158-59 (applying judicial estoppel where debtor informed trustee of pending personal-injury action at meeting of creditors but minimized value of claims); *Barger*, 348 F.3d at 1296 (applying judicial estoppel after debtor informed trustee of pending claim but misrepresented claim as seeking only injunctive relief), there is no suggestion of that here.

Furthermore, we note that, as Matthews correctly points out, the district court erred in failing to provide the parties with notice before it converted the motion for judgment on the pleadings into one for summary judgment. *See* FED. R. CIV. P. 12(d); *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639-40 (7th Cir. 2008); *Green v. Benden*, 281 F3d. 661, 665 (7th Cir. 2002); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). Matthews insists that, had she received this notice, she would have supported her affidavit with a transcript of the meeting of creditors to show that she did not conceal her claims against the Postal Service. Given the posture of the case as it stands, which obligates us to view the record in the light most favorable to Matthews, we conclude that the district court's application of judicial estoppel was inappropriate at this stage of the proceedings, and thus the case must be remanded for further proceedings.

If on remand the district court decides to entertain further argument regarding the doctrine of judicial estoppel, the court must make a factual determination, by evidentiary hearing if necessary, regarding the nature and extent of the disclosures Matthews made to the Chapter 7 trustee at the meeting of creditors. *See Lubke v. City of Arlington*, 473 F.3d 571, 571 (5th Cir. 2006); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 780 n.5 (3rd Cir. 2001). Because the court did not address Matthews's assertion that she notified the trustee, it failed to determine whether the notice provided was sufficient, *see Eubanks*, 385 F.3d at 898 & n.1, or possibly misleading, *see Eastman*, 493 F.3d at 1158-59; *Barger*, 348 F.3d at 1296, and this determination must be made by the district court in the first instance.

Finally, we note that even if the district court should conclude that this is an appropriate case for applying judicial estoppel, Matthews would not be precluded from pursuing her claims for injunctive relief. *See Barger*, 348 F.3d at 1297; *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288-89 (11th Cir. 2002). Matthews seeks reinstatement to her

position with the Postal Service, a claim which was of no value to her bankruptcy estate and was of "no consequence to the trustee or the creditors." *Burnes*, 291 F.3d at 1289; *see Barger*, 348 F.3d at 1297 (holding that debtor's request for reinstatement was not barred by judicial estoppel). Consequently, any failure to disclose the claims for injunctive relief during the Chapter 7 cases cannot be viewed as a deliberate attempt to harm her creditors, and thus judicial estoppel is inapplicable to her claims for injunctive, rather than monetary, relief. As to her demands that the Postal Service reinstate her and cease its purportedly discriminatory conduct, Matthews's suit can still go forward.

The Postal Service's motion to dismiss the appeal is DENIED. The judgment is VACATED, and the case is REMANDED for further proceedings.