NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009*
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2085

| | |
|---|---|
| In the Matter of: JOHN GUNARTT, *Debtor.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JOHN GUNARTT,<br>    *Plaintiff-Appellant*, | |
| | No. 07 C 2399 |
| *v.* | |
| | Virginia M. Kendall, |
| FIFTH THIRD BANK and<br>NORMAN B. NEWMAN as Trustee,<br>    *Defendants-Appellees*. | *Judge.* |

**O R D E R**

John Gunartt filed this pro se adversary action against Fifth Third Bank, a creditor in his Chapter 7 bankruptcy. In his complaint Gunartt challenged the bank's foreclosure of his

---

*After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

property and sought removal of the bankruptcy trustee. The bankruptcy court dismissed Gunartt's complaint. The district court upheld the dismissal, and we affirm.

Gunartt owned and was in the process of rehabilitating two multi-unit, residential buildings when he filed for bankruptcy. Fifth Third had financed the rehabilitation and held a substantial mortgage on the two buildings. Gunartt, however, failed to make a balloon payment for the entire principal balance, and as a result, the bank filed a foreclosure action in state court. Gunartt filed for protection under Chapter 11 of the Bankruptcy Code, but the bankruptcy court—on Fifth Third's motion—converted the case to an involuntary Chapter 7 liquidation. Gunartt appealed the conversion, and the district court affirmed. The trustee worked to liquidate the estate's nonexempt assets, negotiating the sale of the two buildings as well as a settlement of the bank's secured claim. Both the sale and settlement were approved by the bankruptcy court, and Gunartt did not appeal.

Instead Gunartt filed this adversary action against Fifth Third, claiming that the bank drove him into bankruptcy when it breached its loan agreement with him, committed fraudulent lending practices, discriminated against him, and illegally attempted to foreclose on his property. After he filed his petition, Gunartt further contended, the bank filed a false proof of claim. Gunartt also claimed that the trustee had a conflict of interest and breached his fiduciary duty to the estate by selling the buildings for a sum below market value. As relief Gunartt sought damages, specific performance of his loan agreement with the bank, the dismissal of his Chapter 7 bankruptcy, and removal of the trustee.

The bankruptcy court dismissed the complaint, reasoning that only the trustee had standing to litigate Gunartt's claims against Fifth Third because they had become property of the bankruptcy estate. Gunartt lacked standing, the court concluded, and the trustee had already administered the claims as part of the estate when he settled with the bank. To the extent that Gunartt's claims related to actions taken within the course of the bankruptcy, the court concluded that Gunartt had waited too long to pursue them. Finally, the bankruptcy court declined to rule on Gunartt's claims against the trustee because he failed to name the trustee as a defendant in the adversary complaint. Gunartt appealed, and the district court upheld the dismissal. We review the dismissal of an adversary complaint in bankruptcy de novo. *Zedan v. Habash*, 529 F.3d 398, 403 (7th Cir. 2008).

On appeal Gunartt generally renews his contention that the bankruptcy court wrongly dismissed his complaint. With respect to the court's conclusion that his Chapter 7 bankruptcy deprived him of standing to litigate his claims, Gunartt reiterates that the Chapter 11 reorganization plan was "illegally" converted to an involuntary plan under Chapter 7. But Gunartt has separately litigated and lost his challenge to the conversion of his bankruptcy to a Chapter 7 liquidation, and he did not appeal that order. *See Gunartt v. Fifth Third Bank*, 07-cv-2399 (May 25, 2007 N.D. Ill.) (unpublished order).

Gunartt also appears to contend that the trustee could not have standing to litigate his claims because they were "non-core causes of action" that did not arise under the Bankruptcy Code. But whether a bankruptcy proceeding is "core" or "non-core" concerns the bankruptcy court's limited jurisdiction to hear claims related to a bankruptcy case; it has nothing to do with a potential litigant's standing in bankruptcy court or district court. *See* 28 U.S.C. 157(c); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995); *In re FedPak Systems, Inc.*, 80 F.3d 207, 211-14 (7th Cir. 1996) (analyzing issue of standing apart from issue of bankruptcy court's statutory jurisdiction over non-core proceeding). As the bankruptcy court here correctly concluded, Gunartt lacked standing to pursue these claims because at the commencement of his bankruptcy, all of his property, including the claims against the bank, became part of the bankruptcy estate, giving the trustee exclusive standing to litigate the claims. *See* 11 U.S.C. § 541(a)(1); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999).

Finally, Gunartt contests the dismissal of his claim seeking the removal of the trustee for an alleged conflict of interest. Gunartt argues that because he is a pro se litigant, the bankruptcy court should have excused his failure to name the trustee as a defendant. Although courts are required to liberally construe pro se pleadings, pro se litigants are not excused from compliance with the rules of procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). And while the bankruptcy court may have an independent duty to remove a trustee with a conflict of interest, removal is an extreme remedy, committed to the sound discretion of the bankruptcy court. *See* 11 U.S.C. § 324(a); *In re Morgan*, 375 B.R. 838, 847-48 (B.A.P. 8th Cir. 2007); *In re AFI Holding, Inc.*, 355 B.R. 139, 148 (B.A.P. 9th Cir. 2006). Here, Gunartt's request to have the trustee removed appears to be based on his dissatisfaction with the sale of the two buildings rather than any clearly identified conflict of interest, and thus we cannot say that the court abused its discretion by dismissing the complaint.

Accordingly, we AFFIRM the judgment of the district court.