| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013[*]
Decided February 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
| --- | --- |
| No. 12-2538 | |
| | Appeal from the United States District |
| ARLENE V. KIMBLE, | Court for the Southern District of Indiana, |
| *Plaintiff-Appellant,* | Indianapolis Division. |
| | |
| *v.* | No. 1:11-cv-00826-SEB-DML |
| | |
| PATRICK R. DONAHOE, Postmaster | Sarah Evans Barker, |
| General, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Arlene Kimble, a postal worker, appeals from the dismissal of her complaint alleging that she suffered an on-the-job injury as a result of her supervisor's negligence and that the United States Postal Service unlawfully retaliated and discriminated against her. Because Kimble's complaint states no viable claims, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to her complaint, Kimble pulled her shoulder while performing her job duties and then was denied appropriate medical care by her supervisor. Kimble alleged that this denial was negligent and caused her to suffer another on-the-job injury—a back strain. In addition, Kimble asserted that the Postal Service had retaliated against her in violation of the Family and Medical Leave Act. *See* 29 U.S.C. § 2615; *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005). She alleged that after she requested medical leave, the Postal Service took three actions against her: a seven-day suspension that was reduced to a letter of warning, a seven-to-fourteen day suspension that was rescinded, and a letter of warning. Her complaint also referred to Equal Employment Opportunity Commission charges she had filed, which had alleged discrimination on grounds including race and sex, and attached an EEOC right-to-sue letter.[1]

The district court granted the Postal Service's motion to dismiss the complaint. *See* FED R. CIV. P. 12(b)(1), 12(b)(6). The court determined that it could not consider Kimble's claims relating to her workplace injuries, because it had no subject-matter jurisdiction under the Federal Employees' Compensation Act, which is the exclusive remedy for federal employees' on-the-job injuries. *See* 5 U.S.C. § 8116(c). The court also dismissed Kimble's FMLA retaliation claim on grounds that she did not allege an adverse employment action, and, alternatively, that the claim was time-barred. Finally, the court construed the complaint's references to EEOC proceedings as Title VII claims, which it dismissed as barred by judicial estoppel because Kimble concealed ongoing EEOC proceedings during her bankruptcy that preceded her lawsuit. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447–49 (7th Cir. 2006).

On appeal Kimble argues that the district court erred in dismissing her claims regarding her workplace injuries, maintaining that her supervisor's refusal to authorize medical treatment for a shoulder injury caused her to suffer a subsequent back injury. But the court correctly concluded that it lacked jurisdiction to consider claims arising under FECA. As a federal employee claiming to have suffered an injury on the job, Kimble may not sue for damages in federal court; her exclusive remedy is the administrative process set out in FECA, in which the Secretary of Labor is the final decisionmaker. *See* 5 U.S.C. §§ 8128(b), 8145; *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983); *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995); *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000). And Kimble's complaint does not suggest that she pursued relief under this process, let alone assert that the process violated the Constitution, so she cannot skirt FECA's judicial door-closing provision. *See Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437–38, 1441–42 (7th Cir. 1996) (en banc); 5 U.S.C. § 8128(b).

---

[1] We do not address the additional claims that Kimble has abandoned on appeal.

Kimble also challenges the dismissal of her FMLA retaliation claims, asserting that the Postal Service took adverse employment actions against her. A plaintiff must prove an adverse employment action to recover for retaliation under the FMLA. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633–34 (7th Cir. 2009). But the court correctly concluded that the three allegations identified in the complaint as retaliatory—a rescinded suspension, a suspension reduced to a letter of warning, and a letter of warning—did not substantially change her terms of employment and thus were not "adverse employment actions" that could support a recovery. *See, e.g., Jones v. Res-Care, Inc.*, 613 F.3d 665, 669, 671 (7th Cir. 2010); *Cole v. Illinois*, 562 F.3d 812, 816–17 (7th Cir. 2009); *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004); *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510–511 (7th Cir. 1999).

Finally, Kimble appeals the dismissal of her Title VII claim, asserting that the court should not have determined that she concealed an EEOC charge in her bankruptcy petition and applied judicial estoppel against her.[2] First, she points out that her EEOC charge had been dismissed two months before she filed her bankruptcy petition and was reinstated only after her bankruptcy was discharged. But she did not list her EEOC charge in her bankruptcy filings, including in response to a question on her "Statement of Financial Affairs" that required her to reveal, under penalty of perjury, "all suits and administrative proceedings" in which she was a party "within **one year** immediately preceding the filing of this bankruptcy case." (Bold in original). By omitting her administrative charge against the Postal Service, Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447–49 (7th Cir. 2006). Second, Kimble notes that she is not an attorney and says she did not understand her obligation to disclose her EEOC charge. But Kimble was represented in her bankruptcy proceedings, and a debtor in bankruptcy court is bound by her lawyer's failure to disclose relevant information. *Id.* at 449; *see also Eastman v. Union Pacific R. R. Co.*, 493 F.3d 1152, 1158–59 (10th Cir. 2007). Finally, Kimble observes that one allegation supposedly supporting a Title VII claim—a June 2009 letter of warning—came after her bankruptcy was discharged. But even so, as in the FMLA context, a letter of warning is not an actionable adverse employment action for purposes of Title VII. *See, e.g., Jones*, 613 F.3d at 671; *Griffin*, 356 F.3d at 829.

AFFIRMED.

---

[2] Though Kimble does not raise this point, the district court did not err by considering Kimble's bankruptcy documentation in a motion to dismiss. The bankruptcy information is part of public court records and therefore is subject to judicial notice. *See Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997).