**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2014[*]
Decided February 24, 2014

Before

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-2777 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| RONALD W. CANEN and LOTTE CANEN, *Plaintiffs-Appellants,* | |
| *v.* | |
| US BANK NATIONAL ASSOCIATION, *et al.,* *Defendants-Appellees.* | No. 3:10-cv-0081-PPS-CAN Philip P. Simon, *Chief Judge*. |

**Order**

In 2004 Ronald and Lotte Canen refinanced their home with a mortgage loan. They did not pay what they owed, and the lender filed foreclosure proceedings in Indiana court. The Canens ignored that suit, and the state judge entered a default judgment in the lenders' favor. The Canens then filed a series of bankruptcy cases and used the automatic stay to prevent enforcement of the adverse judgment. In 2009, after the last

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

bankruptcy proceeding ended, they asked a state court to set aside the foreclosure or-
der. When the state judge declined, the Canens filed this suit in federal court. The com-
plaint presents claims under both federal and state law.

The district court dismissed some of the claims as outside federal jurisdiction be-
cause they conflict with the state's judgment. 913 F. Supp. 2d 657 (N.D. Ind. 2012). The
judge viewed this suit as a disguised collateral attack and observed that only the Su-
preme Court of the United States is entitled to review the decisions of state courts in
civil litigation. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983);
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The judge dismissed the remaining
claims as barred by judicial estoppel. See *Cannon–Stokes v. Potter*, 453 F.3d 446 (7th Cir.
2006). In the bankruptcy proceedings, the Canens represented that they had no valuable
legal claims. Once they prevailed in the final bankruptcy case (the judge discharged
their remaining debts in 2009), they were barred from taking a contradictory position
later. The claims made in this suit represent such self-contradiction, the judge conclud-
ed, because the Canens maintain that they are entitled to money, yet they told the bank-
ruptcy court (plus the bankruptcy trustee and their creditors) that they had no such
monetary entitlements. Indeed, the judge thought that the Canens have committed
bankruptcy fraud, because the record shows that they were contemplating the current
suit while the bankruptcies were pending, yet lied to the court to prevent the trustee
from learning about (and taking over) the opportunity to litigate.

The Canens' appeal does not contest the district court's application of judicial estop-
pel but does contend that the *Rooker–Feldman* doctrine does not affect those claims that
the court dismissed on that ground. The principal basis of this argument appears to be
that, because they presented different legal theories in the state and federal actions, the
*Rooker–Feldman* doctrine drops out. That is not correct. The *Rooker–Feldman* doctrine is
not just another name for the doctrine of claim preclusion (collateral estoppel), which is
issue-specific. Instead the *Rooker–Feldman* doctrine establishes that district courts lack
subject-matter jurisdiction to set aside judgments that state courts have entered in civil
cases; the reason the plaintiff gives for seeking this relief is irrelevant.

To the extent that the Canens want the federal court to quiet title in their favor, that
relief would directly upset the judgment of foreclosure and is barred by the *Rooker–
Feldman* doctrine. (We have considered all of the Canens' other objections to the applica-
tion of that doctrine, but none covers the quiet-title claim; state law entitled them to
hearings, but they spurned their opportunity.) But for two other claims—one under the
parts of the Truth in Lending Act, 15 U.S.C. §1631–51, that concern real-estate loans, and
a state tort claim for fraudulent inducement in making the 2004 loan—the district judge
erred in thinking the *Rooker–Feldman* doctrine dispositive. It is possible to provide relief

on these claims via awards of damages without disturbing the state court's judgment. The Canens allege an injury that predates the state court's action; when a "federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party … , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion'." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005), quoting from *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

This conclusion does not help the Canens, however. The district court rejected their claims without prejudice to the extent it thought the *Rooker–Feldman* doctrine applicable, and with prejudice otherwise. By insisting that the *Rooker–Feldman* doctrine does not apply to the Truth-in-Lending and fraudulent-inducement claims, the Canens have shown only that these claims must be dismissed *with* prejudice—for the doctrine of judicial estoppel extinguishes every claim for damages that the Canens concealed from the bankruptcy court and their creditors.

The judgment of the district court is affirmed, except to the extent that it dismissed the Truth-in-Lending and fraudulent-inducement claims for lack of subject-matter jurisdiction. With respect to these two claims, we modify the judgment to be on the merits (that is, dismissal with prejudice), and affirm it as so modified.