LYNN ADELMAN, District Judge
The plaintiffs in this case are employees or former employees of defendant DoAll Company; they allege that DoAll violated federal and state wage and hour laws and seek recovery of unpaid wages. Before me now is defendant's motion for summary judgment seeking dismissal of plaintiff Jessica Midkiff's claim. Defendant argues that Midkiff should be judicially estopped from pursuing her claim against defendant because she failed to timely disclose the existence of the claim in her Chapter 13 bankruptcy proceeding. For the reasons stated below, I will deny defendant's motion.
I. FACTS
The undisputed facts material to this summary judgment motion are as follows. Plaintiff Sherri Stocks filed initiated this lawsuit as a putative class action in December, 2015. On October 11, 2016, the court granted the parties' stipulation for conditional collective action certification. After approval of the stipulation, Stocks sent notice of the action to all those eligible to join the putative collective, including Jessica Midkiff.
On or about October 31, 2016, Midkiff completed and returned an opt-in consent notice, which was filed on November 28, 2016. This opt-in form was a one-page document; to complete it, Midkiff needed only to print her name twice, sign it, and date it. At her deposition, Midkiff testified that she "honestly didn't think it was a legit thing to even send in the [opt-in form]" (which I take to mean that she did not understand the nature of the opt-in form and did not believe it to have legal effect). Nevertheless, Midkiff chose to complete and return the opt-in because she believed that she had not been paid for overtime work she had performed as an *791 employee of DoAll. At the time that she filed the opt-in, Midkiff did not know and had no means to calculate how much money the defendant allegedly owed her.
A year later, on November 26, 2017, Midkiff filed for Chapter 13 bankruptcy. Midkiff did not disclose her claim against DoAll to her bankruptcy attorney, nor did she include it on the schedule of assets that she filed with the court, even though the schedule explicitly asked her if she had any claims against third parties. (The parties dispute whether Midkiff was aware of her obligation to disclose the existence of the claim.)
In early February, 2018, Midkiff was contacted by the plaintiff's counsel in the present matter. This was the first she had heard of her wage claim since filing the opt-in form in October, 2016. After meeting with plaintiff's counsel and discussing the wage claim, Midkiff did not amend her bankruptcy disclosures.
During the course of the bankruptcy proceedings, the bankruptcy trustee objected to Midkiff's proposed plan for discharge of her debts, and the bankruptcy court denied confirmation. The bankruptcy trustee subsequently moved to dismiss the petition on the basis that Midkiff failed to make her first proposed payment under the proposed plan, and on the basis of his previous objections to the plan. While this motion to dismiss was pending, on March 28, 2018, Midkiff and her co-plaintiffs filed their amended complaint in the present action, making them named plaintiffs.
On March 29, 2018, the day after filing the amended complaint in this matter, Midkiff moved to dismiss her bankruptcy petition. The bankruptcy court granted this motion on March 30, 2018.
II. DISCUSSION
DoAll argues that it is entitled to partial summary judgment because Mitkiff's claims are barred by judicial estoppel. Judicial estoppel is a doctrine that prevents a litigant from prevailing twice on opposing legal theories. See, e.g., Fed. Commc'ns Comm'n v. Airadigm Commc'ns, Inc. (In re Airadigm Commc'ns, Inc.) , 616 F.3d 642, 661 (7th Cir.2010) ; In re Ortiz , 477 B.R. 714, 721 (E.D. Wis. 2012). Under the doctrine, a litigant who convinces a court to accept his or her position cannot in later proceedings repudiate that position and advance an inconsistent one. Id. The purpose of the doctrine is to protect the integrity of the judicial process-to avoid the appearance that a court has been misled. Id. Because judicial estoppel is intended to prevent improper use of the courts, it is an equitable doctrine invoked by a court at its discretion. New Hampshire v. Maine , 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). "It should not be used where it would work an injustice, such as where the former position was the product of inadvertence or mistake." In re Cassidy , 892 F.2d 637, 642 (7th Cir. 1990).
In arguing that judicial estoppel bars the plaintiffs' claims, DoAll relies on cases applying the doctrine to situations in which a debtor in bankruptcy denies owning a claim and then later, after the bankruptcy is over, attempts to pursue that claim. See, e.g., Cannon-Stokes v. Potter , 453 F.3d 446, 448 (7th Cir.2006). A legal claim (or chose in action) is an asset, and if that asset is part of the debtor's estate, the debtor must disclose it during the bankruptcy so that it may be administered along with the debtor's other assets for the benefit of the creditors. The cases hold that if the debtor conceals the claim during the bankruptcy and prevents the creditors from obtaining any benefits from the claim, she cannot after the bankruptcy is over pursue the claim on her own behalf.
*792 Id. Applying judicial estoppel in such circumstances "raises the cost of lying" and thereby encourages debtors to be truthful in their bankruptcy filings. Id. (quoting Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1428 (7th Cir.1993) ). DoAll argues that these principles apply in the present case because Midkiff did not disclose her claim as an asset on her bankruptcy schedule.
I find that the purposes of the judicial-estoppel doctrine would not be served by applying it here. Midkiff states that when she filed for bankruptcy in November, 2016, she was unaware of any obligation to disclose her claim and that her omission of that information from her schedule was unintentional. At that point in time, her entire participation in the present lawsuit consisted only of receiving a form in the mail, signing it, and returning it more than a year before; therefore, I find it quite plausible that she would not recognize that she was in possession of a legal claim that needed to be noted on her schedule of assets.
DoAll also argues that, even if Midkiff's initial omission of the wage claim from her bankruptcy filing was inadvertent, she should have amended her disclosures after meeting with counsel in the present case and becoming aware of the nature of her legal claim. However, Midkiff asserts that even after this meeting, she remained unaware of her obligation to notify the bankruptcy court of her claim. Furthermore, around the same time,[1] the bankruptcy court denied confirmation of her plan and the bankruptcy trustee moved to dismiss her case; Midkiff herself dismissed the case shortly thereafter. The questionable status of the bankruptcy proceedings during that time period weighs against finding that Midkiff's failure to amend was other than inadvertent.
In short, DoAll has produced no strong evidence that Midkiff engaged in any intentional deception of the courts or manipulation of the legal system of the sort that the doctrine of judicial estoppel is intended to prevent. Rather, Midkiff's omission of her claim from her bankruptcy filings was a "product of inadvertence or mistake," and application of judicial estoppel would work an injustice by depriving both Midkiff and her creditors of recovery of the monies owed to them.
THEREFORE IT IS ORDERED that defendant's motion for partial summary judgment (ECF No. 35) is DENIED.
SO ORDERED at Milwaukee, Wisconsin, this 19th day of October, 2018.

The parties have not provided a precise timeline of the proceedings in the bankruptcy court, but they indicate that Midkiff first met with plaintiffs counsel in the present case in February 2018, and the bankruptcy petition was dismissed at the end of March, 2018.