CLAY, Circuit Judge,
dissenting.
The majority’s approach to this case fails to appreciate the absurdity of the result of its erroneous application of judicial estoppel. Plaintiff has brought suit based on serious sexual harassment charges, including improper sexual contact at work. In a normal situation, if Plaintiff could prove the allegations, she would personally be entitled to damages. The fact that Plaintiff was in bankruptcy proceedings changes the normal course of events. But because the claim arose before she filed for bankruptcy, her creditors should be entitled to any proceeds that could be used to repay Plaintiffs debts. Therefore, our law permits damages to be awarded to the bankruptcy estate in order to insure Plaintiffs creditors receive their fair share.
It is undisputed that Plaintiff failed to disclose her claim against Wyndham Vacation Ownership (“Wyndham”) in her initial bankruptcy filings. However, she has come forward with sufficient evidence to allow a reasonable factfinder to find that she notified the trustee and the bankruptcy court of her claim before it was filed. The majority believes that because of *485 Plaintiffs failure to make the appropriate disclosure in connection with the initial bankruptcy filing, neither she nor her creditors should be entitled to any recovery. Instead, the majority finds that Wyndham, the employer who allegedly employed someone who repeatedly sexually harassed Plaintiff, should be excused from paying any damages to any party whatsoever.
“Judicial estoppel is an equitable doctrine to be invoked by this court at its discretion.” Pennycuff v. Fentress County Bd. of Educ., 404 F.3d 447, 453 (6th Cir.2005) (citing New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). In applying an equitable doctrine, we need to weigh the benefits involved and the degree of fault of the parties. The only fault attributed to Plaintiff in the instant case is the contested issue of whether she concealed her sexual harassment claim from the bankruptcy court. Plaintiffs creditors, who would have had a right to recover from any judgment in favor of Plaintiff, are blameless in this dispute. See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir.2006) (acknowledging that judicial estoppel “is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor’s deceit”). Meanwhile, Defendant stands accused of allowing sexual harassment in the workplace and would suffer no “unfair detriment” from Plaintiffs alleged inconsistent positions, since it had no stake in the bankruptcy proceedings. See New Hampshire, 532 U.S. at 751, 121 S.Ct. 1808.
The majority ignores the fact that Defendant suffered no prejudice from Plaintiffs initial failure to disclose her claim and improperly applies in a formulaic manner the two-part test for judicial estoppel articulated in Browning v. Levy, 283 F.3d 761, 776 (6th Cir.2002). That test ignores a third consideration that the Supreme Court has found relevant, namely “whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.” New Hampshire, 532 U.S. at 751, 121 S.Ct. 1808.[1] Additionally, the Supreme Court has emphasized that it did not “establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine’s application in specific factual contexts.” Id.
The majority’s position is to absolve of all liability a defendant who has not been injured in any way by Plaintiffs actions— even though it is factually disputed whether Plaintiff failed to notify the bankruptcy court of her sexual harassment suit and even though her creditors are accused of no wrongdoing. The equitable nature of judicial estoppel means that there is no bar to Plaintiffs claim unless the Court determines that barring the suit is the most equitable outcome. The proper outcome is not foretold by applying some sort of litmus test but is determined in the sound discretion of the Court. We have often remarked that judicial estoppel “should be applied with caution to ‘avoid impinging on the truth-seeking function of the court.’ ” Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir.2004) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990)). The majority in this case recklessly applies judicial estoppel, barring a suit to the det *486 riment of Plaintiff and her creditors even though Plaintiff has come forward with evidence that she informed the bankruptcy court of her sexual harassment claim. The evidence presented by Plaintiff creates clear factual disputes which make this case inappropriate for the application of judicial estoppel at the summary judgment stage.
Judicial estoppel reasonably precludes suits in cases where a plaintiff has failed to disclose a potential suit to the bankruptcy court because otherwise, potential plaintiffs would be able to reap a windfall by retaining monetary awards that properly should be made available to their creditors. Judicial estoppel may be appropriate in a case where a plaintiff has made no legitimate attempt to inform the bankruptcy court or the bankruptcy estate of his or her potential claims. See Lewis v. Weyerhaeuser Co., 141 Fed.Appx. 420, 427 (6th Cir.2005) (finding that apart from a phone call to the trustee’s office on an undisclosed date, the plaintiff did not “make any other sort of attempt to inform the bankruptcy court of her discrimination action”).[2] However, if a plaintiff has attempted to inform both the bankruptcy court and the trustee in a meaningful way of a potential suit even before it is filed, then it is hardly equitable to absolve the defendant of liability. Courts should endeavor to insure that a plaintiffs creditors, if possible, have a real chance to recover any damages owed by a defendant. See Eubanks, 385 F.3d at 898 n. 1 (acknowledging that “various courts in other jurisdictions have held that a trustee’s knowledge of the claim precludes the application of judicial estoppel since the plaintiff was obviously not trying to defraud the court if they placed the trustee on notice”).
The majority ignores the lesson of Eu-banks by focusing on whether the omission in Plaintiffs initial bankruptcy filing is attributable “to nothing more than mistake or inadvertence.” Browning, 283 F.3d at 776. In Lewis, we found that in light of Eubanks, an “argument that judicial estop-pel must apply where a debtor cannot establish ‘mistake or inadvertence’ under Browning is unpersuasive.” 141 Fed.Appx. at 427. In Lewis, we acknowledged that Eubanks teaches that “even if the debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it and instead takes affirmative steps to fully inform the trustee and the bankruptcy court of the action, it is highly unlikely that the omission in the bankruptcy petition was intentional.” Id. at 426.
The majority imports a “bad faith” requirement from Eubanks, but it still applies judicial estoppel in too rigid a fashion. Furthermore, in rushing to foreclose a judicial remedy to Plaintiff and her creditors, the majority engages in speculation *487 and conjecture about Plaintiffs motivations in order to find that she was acting in bad faith rather than find that the exclusion of her sexual harassment suit was negligent or inadvertent. Even though this matter is before the Court on summary judgment, under which standard Plaintiff should be afforded the benefit of the doubt, the majority inexplicably resolves all disputed issues of material fact in favor of Defendant. The majority places the entire burden on Plaintiff to show an absence of bad faith and places little or no burden on Defendant to show the existence of bad faith. In skewing the appropriate standard to the detriment of Plaintiff, the majority also loses sight of the crucial fact in Eubanks that “[tjhere is record evidence ... that Plaintiffs made the court, and the Trustee, aware of the potential civil claim against Defendant before the bankruptcy action closed, although the claim was omitted from Plaintiffs’ bankruptcy schedule form.” 385 F.3d at 898. Similar evidence is assuredly present in this case, particularly if, unlike the majority, we apply the proper summary judgment standard.
Plaintiff presents two facts to support her contention that she notified the bankruptcy court and the trustee of her sexual harassment claim. First, she provides her bankruptcy attorney’s signed, sworn statement to the effect that “When I appeared in Court on Ms. White’s bankruptcy, this lawsuit was discussed, as well as, any potential claims thereof.” Notwithstanding the majority’s contention that Plaintiffs attorney’s affidavit lacked sufficient specificity, the affidavit clearly states that the lawsuit and potential claims were discussed in the bankruptcy court. Second, Plaintiff notes that on October 3, 2008, she filed an “Application to Employ Counsel” with the bankruptcy court. Viewing the evidence in the light most favorable to the Plaintiff, as we must at this stage of the proceedings, her counsel informed the bankruptcy court and the trustee of the sexual harassment suit directly in court and indirectly through the Application to Employ Counsel. Those facts strongly suggest that she did not attempt to conceal the sexual harassment claim.
The time-line on this case is crucial. Plaintiff filed her bankruptcy petition on August 8, 2008, and the court ordered White to make payments to the trustee on August 12, 2008. The plan confirmation hearing was scheduled for October 1, 2008. At that hearing, the first in-court hearing in the bankruptcy proceedings, Plaintiffs bankruptcy attorney notified the court about the sexual harassment claim. Plaintiff filed her sexual harassment lawsuit after this hearing — where her attorney notified the trustee and the bankruptcy court of her claim.[3]
The majority refuses to admit it, but it is apparent that it does not believe Plaintiffs *488 bankruptcy attorney. However, when an officer of the court swears that the lawsuit was discussed in front of the bankruptcy judge and the trustee, a reasonable factfin-der could certainly believe that such a conversation occurred. See, e.g., United States v. Hernandez, 31 F.3d 354, 361 (6th Cir.1994) (holding that when an attorney, who is an officer of the court, testifies, “absent some indication of misconduct, the court is entitled to accept his representations on the issue”). The majority ignores a core tenet of summary judgment jurisprudence by failing to make all inferences in favor of Plaintiff as the non-moving party. The majority inexplicably attributes the lack of record evidence that the trustee responded with requests for additional information as proof that the Plaintiffs bankruptcy attorney failed to inform the court of Plaintiffs suit. Not only is it troubling that an absence of evidence could, in the mind of the majority, trump the sworn statement of an officer of the court, but the majority also ignores the possibility that the trustee was not overly concerned about the suit because the potential proceeds were too speculative to worry about in what was a relatively small bankruptcy proceeding. The bankruptcy estate had allowed claims of less than $17,000, and no individual creditor had a claim of more than $4,000.
If Plaintiffs bankruptcy attorney’s sworn statement was insufficient to show that Plaintiff was not attempting to conceal her suit, two days later, Plaintiff filed an application to employ counsel on a contingency basis. The majority contends that Plaintiff failed to state in the application whether she was plaintiff or defendant in the lawsuit, but that motion was accompanied by an affidavit from her sexual harassment attorney which stated: “I do not hold nor represent an interest adverse to the Debtor Betsy Ann White’s sexual harassment lawsuit; I am eligible to serve as counsel to the Debtor, Betsy Ann White in her sexual harassment lawsuit.” If Plaintiff were attempting to hide her sexual harassment lawsuit from her creditors, then it was assuredly a bizarre decision to notify them of her wish to employ counsel seeking to represent her in that lawsuit.
Plaintiffs position that a proper resolution of the case would allow Plaintiff an opportunity to prove her case is bolstered by the fact that Plaintiffs actual plan confirmation order, issued on January 14, 2009, called for “Any and all net proceeds from debtor(s) pending sexual harassment lawsuit claim to be paid into the plan as additional plan payments, except for Court approved legal fees and expenses.” Thus, the bankruptcy court reached the appropriate result. If Plaintiff could prove she was sexually harassed, Defendant should pay damages, and Plaintiffs creditors should receive the money owed to them. Obviously, notification to creditors made after a defendant’s motion to dismiss may require a different result to avoid providing incentives for debtors to hide potential claims until those claims are discovered by an opposing party. However, the record in this case amply supports a determination that a reasonable jury could find that Plaintiff made the trustee and the bankruptcy court aware of the sexual harassment claim before it was even filed, and certainly before Defendant’s motion to dismiss in this action.
The majority therefore attempts to punish Plaintiff for failing to properly disclose her sexual harassment suit, even though a factfinder could'easily determine that she informed both the trustee and the bankruptcy court of the suit before the possibility of judicial estoppel was ever raised. Furthermore, the majority simply never comes to terms with the fact that the real victim of such unorthodox and aggressive use of judicial estoppel is not the debtor *489 but the bankruptcy estate, and by extension the debtor’s creditors. Quite simply, if the debtor was not intentionally hiding her suit and in fact disclosed it to both the bankruptcy judge and the trustee, it is hardly equitable to deprive the bankruptcy estate of the right to its share of any recovery. On the other hand, the outcome proposed by Plaintiff is amply supported by our precedents and rulings in other cases that decline to apply judicial estoppel when subsequent conduct indicates that the initial omission was inadvertent or not done in bad faith. See, e.g., Eubanks, 385 F.3d at 899; Browning, 283 F.3d at 776 (holding that “judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence”); Matthews v. Potter, 316 Fed.Appx. 518, 522 (7th Cir.2009) (finding judicial estoppel inapplicable where plaintiff “did not conceal her administrative complaints during the bankruptcy proceedings”).
The majority’s approach constitutes a perversion of justice because, under its approach, even if Plaintiff could prevail in her sexual harassment lawsuit, neither she nor her creditors could receive any damages. Contrary to both our case law and basic notions of justice, the majority has decided that Defendant, who allegedly employed someone who repeatedly sexually harassed Plaintiff, should pay no damages and suffer no consequence for its egregious behavior under any circumstances— even if Plaintiff could demonstrate to a trier of fact that she did not deliberately conceal her sexual harassment claim.
I therefore respectfully dissent.

. Browning did not create some sort of separate test to be applied in the bankruptcy setting. For support of its two-part test, it cites to Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990), a review of a National Labor Relations Board order that had nothing to do with bankruptcy.

. The majority’s characterization of Lewis as representing “similar circumstances’’ to those presented in this case is belied by a look at the factual record of each case. In Lewis, we cited with approval the district court’s opinion that noted that none of Lewis’ evidence suggested that her claims "were revealed to the bankruptcy court or to the trustee before approval of the bankruptcy plan.” 141 Fed.Appx. at 427. We emphasized the plaintiff’s "failure to notify the bankruptcy court” and specifically noted that the plaintiff never established that her contact with an alleged employee of the trustee took place before the issue of judicial estoppel was raised. In this case, meanwhile, we have a signed affidavit from Plaintiff’s lawyer swearing that he informed both the bankruptcy court and the trustee of Plaintiff’s sexual harassment suit. Furthermore, the lawyer filed documents available to any party in the bankruptcy proceedings requesting an attorney on a contingency fee basis for a sexual harassment suit. Both of these actions took place before Plaintiff had even filed her sexual harassment suit and before Defendant raised a defense of judicial estoppel.

. The district court and the majority infer bad motive from the filing of the sexual harassment complaint after the plan confirmation hearing. Plaintiff had received her right-to-sue letter in July 2008, but did not file suit until after the plan confirmation hearing on October 1, 2008. Construing the facts most favorably for Plaintiff, however, the attorney told the bankruptcy court and the trustee about the case at the plan confirmation hearing. See Martin v. Cincinnati Gas and Elec. Co., 561 F.3d 439, 443 (6th Cir.2009) (noting that at the summary judgment stage, “the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party’’). The proper inference to make on Plaintiff's behalf is that the filing of the claim was the result of the fact that the statute of limitations was about to run. The right-to-sue letter was received on July 8, 2008, meaning the 90-day period would run less than a week after the sexual harassment suit was filed. Plaintiff would hardly be the first litigant to wait until the statute of limitations was about to run to file her lawsuit.