> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided August 17, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1040

| | |
|---|---|
| MICHAEL E. BARGO, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:16-cv-177 |
| PORTER COUNTY, INDIANA, et al., *Defendants-Appellees*. | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

Michael Bargo sued Porter County, its officials, and two Indiana judges alleging a conspiracy to deprive him of his property without due process. The district court dismissed the suit on the ground that Bargo, who had filed for bankruptcy protection after the events giving rise to this lawsuit, no longer was the real party in interest to any claim in this suit. See FED. R. CIV. P. 17(a)(1). We affirm the judgment, though we modify it to reflect that some claims must be dismissed for lack of jurisdiction, as barred

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

by the *Rooker-Feldman* doctrine. See *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

According to Bargo's complaint, officials in Porter County and two Indiana judges conspired fraudulently to seize and sell his real property. As he explains, an auditor and treasurer for the County refused to credit his 2011 and 2012 property tax payments, and a judge who presided over a subsequent tax-sale hearing "refused to acknowledge" that Bargo had paid his tax bills. Bargo responded by suing the county treasurer in small-claims court, seeking to recoup his property and tax payments. But according to Bargo, the presiding judge in that court dismissed his suit without providing him notice, a hearing, or an opportunity to respond, and the clerk of the small-claims court prevented him from filing an appeal when she removed his pleadings from the docket. The defendants further conspired, he asserted, by producing a fraudulent tax bill, intimidating him, and refusing to turn over certain court documents. The defendants' seizure and sale of Bargo's property "ruined his credit so he had to file Chapter 7 bankruptcy." In this suit, Bargo seeks compensatory damages measured by the value of his lost property.

The county defendants moved to dismiss Bargo's complaint under Federal Rule of Civil Procedure 12(b)(1) for want of subject-matter jurisdiction. They argued that Bargo lacked "standing" to bring the claims in this suit because, under Federal Rule of Civil Procedure 17(a)(1), he was not the real party in interest to those claims. Those claims had become part of Bargo's bankruptcy estate when he petitioned for bankruptcy; thus only the bankruptcy trustee had the right to pursue them. Bargo's complaint, they added, also was barred under the *Rooker-Feldman* doctrine because it sought review of two state-court judgments entered against him before he filed this suit.

The district court dismissed Bargo's complaint on the ground that he did not have "standing" under Federal Rule of Civil Procedure 17(a)(1), a rule that requires suits to "be prosecuted in the name of the real party in interest." The court, taking judicial notice of Bargo's bankruptcy proceedings, agreed with the county defendants that only the bankruptcy trustee could prosecute the claims in this suit. Nonetheless, the court invited Bargo under Rule 17(a)(3) to have the trustee, as the real party in interest, "ratify, join, or be substituted into the action." Bargo tried to show that the bankruptcy trustee "abandoned" the bankruptcy estate's interest in the claims, see 11 U.S.C. § 554(a), when the trustee sent him an email forswearing any interest in the litigation. But the court concluded that none of the statutory requirements for abandonment had been met and dismissed the suit.

On appeal Bargo maintains that his case should not have been dismissed, because he is the real party in interest. This prompts us to begin with a correction. To the extent that the district court based its dismissal on Rule 17's real-party-in-interest requirement, that ruling was not jurisdictional. Rule 17 does not limit the subject-matter jurisdiction of federal courts. See *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756–57 (7th Cir. 2008)); *Norris v. Causey*, 869 F.3d 360, 366–67 (5th Cir. 2017). Although we treat the real-party-in-interest requirement similarly to the rule that bars litigants from asserting the legal rights of others, *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540–41 (7th Cir. 2012), rules of this genre do not deprive courts of subject-matter jurisdiction; they are flexible rules for deciding when a case should not go forward. See *United States v. Windsor*, 570 U.S. 744, 757 (2013); *Doermer v. Callen*, 847 F.3d 522, 526–27 n.1 (7th Cir. 2017); see also *RK Co. v. See*, 622 F.3d 846, 851–52 (7th Cir. 2010) (distinguishing Rule 17 and prudential-standing doctrine).

The defendants, for their part, continue to assert that some of Bargo's claims are jurisdictionally barred by *Rooker-Feldman* because they seek review of state-court judgments. Indeed, jurisdiction to review state-court judgments is vested exclusively in the Supreme Court. 28 U.S.C. § 1257; *Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). Under the *Rooker-Feldman* doctrine, federal courts other than the Supreme Court must dismiss a party's claims asserting injuries from a judgment that a state court issued against the party before the federal suit. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Bargo attacked the state-court judgments ordering the sale of his property and denying him relief from that sale when he asked the district court to order the defendants to compensate him for their role in the improper sale of his property.

As for Bargo's claims that are not barred by *Rooker-Feldman*, they were properly dismissed under Rule 17. Bargo's complaint includes claims for conspiracy, fraud, and intimidation, all of which attack not the state-court judgment but the unlawful conduct that led the state courts to rule against him. See *Iqbal v. Patel*, 780 F.3d 728, 729–31 (7th Cir. 2015); *Jones v. Brennan*, 465 F.3d 304, 305 (7th Cir. 2006). These claims were properly dismissed under Rule 17(a)(1), however, because the bankruptcy trustee, not Bargo, was the real party in interest. These claims arose before Bargo filed for bankruptcy, and thus they are part of the bankruptcy estate and may be prosecuted only by the bankruptcy trustee. See 11 U.S.C. § 541(a)(1); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000).

Bargo also reiterates that the bankruptcy estate's "abandonment" of any interest in this suit is reflected in the email he received from the bankruptcy trustee. But the bankruptcy statute requires more to establish abandonment: a trustee must provide notice to Bargo's creditors and the opportunity for a hearing before an abandonment will occur. See 11 U.S.C. § 554(a); *Biesek*, 440 F.3d at 411.

Lastly, Bargo says that the district judge should have recused himself because he worked from 1969 to 1972 in the Indiana Attorney General's Office, which is a party to this appeal. But this contention is frivolous, even if we construe it as an argument under 28 U.S.C. § 455(a), which requires judges to disqualify themselves from any proceeding in which their impartiality might reasonably be questioned. "Our judicial system would hardly function if judges were potentially obliged to disqualify themselves" in every case involving a former employers, without more, let alone employers from 40 years ago. *Nicholson v. City of Peoria*, 860 F.3d 520, 525 n.6 (7th Cir. 2017), *cert denied*, 138 S. Ct. 981 (2018).

The district court's judgment is modified to reflect that Bargo's claims alleging an injury from the outcomes of the tax sale and small-claims case are dismissed for lack of jurisdiction. As modified, the judgment is

AFFIRMED.